IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs July 10, 2018

## STATE OF TENNESSEE v. ARIANA TARIENCE HARRIS

**Appeal from the Circuit Court for Madison County**
**No. 16-431, 16-432  Roy B. Morgan, Jr., Judge**

_____

### No. W2017-02302-CCA-R3-CD

_____

The Defendant, Ariana Tarience Harris, appeals the trial court's revocation of her probation, arguing that the court should have imposed an alternative sentence rather than ordering her to serve the balance of her original sentence incarcerated, and therefore abused its discretion.  After thorough review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR. and CAMILLE R. MCMULLEN, JJ., joined.

George M. Googe, District Public Defender; and Gregory D. Gookin, Assistant Public Defender, for the appellant, Ariana Tarience Harris.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin E. D. Smith, Assistant Attorney General; Jody S. Pickens, District Attorney General; and Lee R. Sparks, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

On January 23, 2017, the Defendant pled guilty to identity theft and assault and subsequently received concurrent probationary sentences of four years and eleven months and twenty-nine days, respectively, to be supervised by the local community corrections agency.

On October 3, 2017, a violation of probation report was filed with the trial court, stating that the Defendant had failed a mandatory drug test, testing positive for marijuana on March 31, 2017. The violation report was amended the same day to reflect that the Defendant had also tested positive for marijuana on a February 13, 2017 drug test. This violation report was amended again on October 13, 2017, to reflect that the Defendant had also failed to follow the recommendation of Alcohol and Drug Assessment; had failed to pay court-ordered costs, fines, and restitution; had failed to report to her probation supervisor; and had failed to provide employment verification. A second violation of probation report was filed with the trial court on October 23, 2017, stating that the Defendant had admitted to smoking marijuana the previous month and therefore failed to remain drug free. Probation violation warrants were accordingly issued against the Defendant.

The trial court held a probation revocation hearing on October 30, 2017. During the hearing, the Defendant "freely and voluntarily" "admit[ted] everything" included in the probation violation reports. She affirmed that she understood such an admission could consequently cause her to "be revoked to serve [her] 4-year sentence." The State recommended the Defendant's probation be "revoked to serve[.]" Though the Defendant presented "no specific treatment plan[,]" she asked the court for "some form of shock incarceration, followed by her being placed on supervision, back with Community Corrections and then going to intensive outpatient[,]" with trial counsel conceding that the request was "at the mercy of the Court." Trial counsel supported this request by noting that the Defendant's probation violations mostly stemmed from marijuana use, suggesting that she was "fearful that a warrant was coming and so she had stopped reporting" following her positive drug tests. The Defendant also supported her sentencing request by stating that she had a "very minimal criminal history" and "her mother and brother came all the way from Davidson County . . . to support her."

In response to the Defendant's request, the trial court noted the presence of "an enhancement of punishment in [her] file" and a history of failures to appear, misdemeanor assault, driving on a revoked license, and disorderly conduct in the Defendant's record. The Defendant's probation officer, Elsa Reyes, had a "medical appointment" on the day of the hearing, and the unnamed probation officer present at the hearing did not testify.

Following the close of all proof, the trial court revoked the Defendant's probation in full, ordering her to serve her original sentence in the Department of Correction. The Defendant filed a pro se motion to reduce or modify sentencing on November 28, 2017, which the trial court denied the same day.

## ANALYSIS

The Defendant argues on appeal that the trial court erred in revoking her probation and ordering her to serve her original sentence incarcerated. Instead, the trial court "should have ordered [the Defendant] to serve a period of 'shock incarceration' and then allowed [the Defendant] to remain on probation, with an added requirement of participation in an outpatient drug treatment program" based on the fact that the Defendant "requested the opportunity" and had "strong family support[.]" The State responds that the trial court was fully within its discretion to order her to serve her original sentence. We agree with the State.

A trial court is granted broad authority to revoke a suspended sentence and to reinstate the original sentence if it finds by a preponderance of the evidence that the defendant has violated the terms of his or her probation and suspension of sentence. Tenn. Code Ann. §§ 40-35-310, -311. The revocation of probation lies within the sound discretion of the trial court. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); State v. Stubblefield, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). To show an abuse of discretion in a probation revocation case, "a defendant must demonstrate 'that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred.'" State v. Wall, 909 S.W.2d 8, 10 (Tenn. Crim. App. 1994) (quoting State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App.1980)). The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial court to make a conscientious and intelligent judgment. Harkins, 811 S.W.2d at 82 (citing State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984)). We review this issue, therefore, for an abuse of discretion.

Upon a finding that a violation has occurred, the trial court may, in its discretion, either: (1) order incarceration; (2) cause execution of the judgment as it was originally entered; or (3) extend the probationary period by up to two years. See State v. Hunter, 1 S.W.3d 643, 644 (Tenn. 1999); see also Tenn. Code Ann. §§ 40-35-310, -311(e), -308(c) (2014). "[A]n accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. Feb. 10, 1999), perm. app. denied (Tenn. June 28, 1999); see also State v. Markquitton Sanders, No. M2010-02212-CCA-R3-CD, 2011 WL 4529655, at *2 (Tenn. Crim. App. Sept. 29, 2011), perm. app. denied (Tenn. Nov. 17, 2011). Every sentencing decision necessarily requires a case-by-case analysis. State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995). Factors to be considered during sentencing include the circumstances surrounding the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. State v. Goode, 956 S.W.2d 521, 527 (Tenn. Crim. App. 1997).

Two probation violation reports were filed with the trial court after the Defendant's conviction, demonstrating the Defendant's continued use of marijuana among other violations of her probation, including failure to pay restitution, failure to report, failure to provide employment verification, and failure to follow recommendations from the Alcohol and Drug Assessment. At the revocation hearing, the Defendant admitted to all of the allegations contained in the violation of probation reports. She further affirmed that she understood such an admission could mean a full revocation of her probation. In deciding to revoke the Defendant's probation, the trial court examined her probation violations and her previous record. The trial court noted that, despite trial counsel's assertion that the Defendant's "main issue was the marijuana use[,]" her record contained prior assault and disorderly conduct convictions. In revoking the Defendant's probation in full, the trial court reasoned:

> After reviewing the history, I agree with the State. [The Defendant] has had opportunities and she continues to violate the law. She's not a proper candidate to continue on with probation . . . . I don't know if [the Defendant's family has] looked at the list of opportunities [she] has to get it right and [she] just [doesn't] do it for some reason. I don't know why.

The trial court obviously considered the Defendant's criminal record and her history of probation violations, noting her continued probation violations and previous opportunities to comply with her probation, but reasoning "[she] just [doesn't] do it for some reason." As we have previously stated, upon finding a probation violation, a trial court has the option of: (1) ordering incarceration; (2) causing execution of the judgment as it was originally entered; or (3) extending the probationary period by up to two years. See Hunter, 1 S.W.3d at 644. The Defendant freely and voluntarily admitted to all of the probation violations contained in the probation violation reports. In light of her admitted probation violations and criminal record, the trial court decided she was not a good candidate for probation and ordered her original sentence to be served in the Department of Correction. Although she may desire to receive marijuana rehabilitation instead of a four-year incarceration, the Defendant has failed to show that the trial court abused its discretion in revoking her probation and ordering her to serve her original sentence. Accordingly, the trial court clearly acted within its discretion in revoking the Defendant's probation after she admitted to violating its terms. The Defendant is not entitled to relief.


## CONCLUSION


- 4 -

Based upon the foregoing authorities and reasoning, we affirm the judgment of the trial court revoking the Defendant's probation and ordering the balance of her sentence to be served in the Tennessee Department of Correction.


_____
ALAN E. GLENN, JUDGE